Flora C. Mooney  
vs }Eq. No. 256  
Newman F. Tuckerman  
RESCRIPT  
February 2, 1927  
(Before Sumner, J., Below)

The complainant has filed a bill in equity alleging in substance that she is the holder of a certificate of necessity and convenience issued by the Public Utilities Commission and is the operator of a jitney bus line in the Town of Westerly; that she has com-

plied with the provisions of Chapter 254 of the General Laws, under and by virtue of which statue she is operating her jitneys, and that she has expended large sums of money in the equipment and operation of her business and in the bonding of her jitneys.

The complainant further alleges that the respondent has been operating a jitney, as defined by said Chapter 254 of the General Laws, on a regular route between villages in the Town of Westerly in competition with complainant; that he has not complied with the requirements of said Chapter 254 of the General Laws relative to the running of jitneys; accordingly the complainant has suffered and will continue to suffer irreparable loss by reason of the opration of the respondents' jitney and is subjected to unfair competition by him.

A temporary restraining order against the respondent was issued and complainant now seeks to make that temporary a permanent one.

It was agreed by counsel that the petitioner was operating her jitney line under a certificate of necessity and convenience issued by the Public Utilities Commission; also that the respondent operated a motor bus from his garage in the Village of Bradford to carry workmen from their homes to their mill yard, and carried the same men on each trip.

The respondent contends that his operation of a jitney line is not a nuisance, as alleged by the complainant, and that the complainant is not entitled to an injunction because it is provided in this same Chapter 254 of the General Laws that anybody violating its provisions shall be subjected to a penalty of not more than $100 or not more than sixty days' imprisonment, or both, this proceeding being in derogation of the general rule that a court of equity will take no part in the administration of the criminal law nor will enjoin the commission of crimes. He also urges that complain-

ant has an adequate remedy at law.

There have been many adjudications of the principles involved in this case and the right of the complainant in similar cases to secure an injunction has been frequently declared.

Berry on Automobiles, 4th ed. Sec. 1677, says that "a person operating automobiles under such permit over public highways between fixed termini for the carriage of passengers for hire may enjoin others without such license or permit from engaging in like enterprise," and cites several cases.

Corpus Juris, Vol. 26, page 1047, says: "Courts of equity have jurisdiction by injunction to protect a franchise from unlawful invasion or disturbance, and will exercise such jurisdiction to secure the enjoyment of a franchise privilege or protect against an invasion of such franchise"; and, Note A, " The ground of exercise is usually in the prevention of irreparable injury or such as can not be adquately estimated in damages at law; at other times, the avoidance of a multiplicity of suits, and, again, by abatement of annoyance in the nature of a legal nuisance."

In Puget Sound Traction Co. vs Grassmeyer, 102 Wash. 482, the Court says: "It is true the franchise is not exclusive in the sense that the sovereign power may not grant a similar right to another, but it is exclusive against anyone who assumes to exercise the privilege by carrying passengers in the absence of authority or in defiance of the laws regulating the privilege.

These principals have been supported in many well-reasoned cases. See Carson vs Woodram, et al., 120 S. E. 512 (W. Va.): Darling vs Darling, 118 Misc. N. Y. 817; U. S. Traction Co. vs John Smith, 115 Misc. N. Y. 73.

In the latter case the Court says: "While the failure to comply with the aforesaid provisions of transportation corporations laws is a misdemeanor punishable by fine or imprisonment or both, the Court will not compel part-

ies whose rights are clear to rely on peace officers to protect them in their enjoyment of such rights and may grant injunctive relief."

In this opinion are also cited a number of other cases of similar character decided in New York courts, including among others Brooklyn City R. R. C. vs Whalen, 191 Appel. Division 737, which says: "The plaintiff, having a franchise to operate in the public streets and being under financial pressure of prevailing economic conditions, suddenly finds its most profitable line paralleled by stages operating under the control of the defendent, without authority of law and without having obtained a certificate of public convenience and necessity. I think the plaintiff has a standing in a court of equity for relief."

In Fort Lee Transportation Co. vs Borough of Edgewater, 133 Atl. 424, the Court refers to a condition such as existed in this case, namely, a motor vehicle operating under a club plan was transporting members and their families at twelve rides for ninety cents, with monthly dues, and the Court says: "I am inclined to the belief that the organizing of a club is merely for the purpose of defeating the application of the borough ordinance. It can make no reasonable difference in legislative contemplation whether the transportation factor which operates these busses be an individual or a club, or whether the fares be collected by an intermediary called a club which eventually delivers them to the carrier, or whether the latter collects them per capita en route from passengers."

The law then seems to be established that a complainant is entitled to injunctive relief under the following state of facts, viz: where a complainant has a franchise authorizing it to operate a jitney bus in the streets of a town or city by which bus it carries passengers for hire, and, on the other hand, where respondent engages in the business of the carrying of passengers for hire in the same city in violation of the statute of the state and such operation is especially injurious to complainant, depriving it of revenues which it would otherwise receive.

The Court finds that respondent operated a jitney for hire as defined in Chapter 254 of the General Laws, that in so doing he caused irreparable loss to the complainant and was guilty of unfair competition.

Accordingly, complainant is entitled to have the respondent enjoined from further operation of·said jitney.

For complainant: M. Walter Flynn.

For respondent: E. A. Kingsley & C. E. Roche.